**Kip James MOORE, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 69487.

Missouri Court of Appeals,
Eastern District,
Division One.

March 18, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenualt, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Mark C. Piontek, Lewis, Rice & Fingersh, Washington, for respondent.

Before DOWD, P.J., REINHARD, and GARY M. GAERTNER, JJ.

PER CURIAM.

Appellant, the Director of Revenue for the State of Missouri ("Director"), appeals the judgment of the Circuit Court of Franklin County reinstating respondent's, Kip James Moore's ("driver's") driving privileges, which had been revoked pursuant to RSMo § 577.041.[1] We reverse and remand.

Driver was arrested on July 14, 1995, for driving while intoxicated. The police report filled out by the arresting officer shows driver was informed of Missouri's Informed Consent Law, RSMo § 577.041.1, three times (once at the scene, twice at the police station). The arresting officer also completed the Department of Revenue's Form 2389. The implied consent section of this form shows driver was informed that if he refused to submit to a breath test, the officer "must file a sworn affidavit to the Director of Revenue who shall revoke your drivers license for one year." Driver refused to take a breathalyzer test. Consequently, driver's driving privileges were revoked by Director.

Driver petitioned for a trial *de novo*. On October 16, 1995, the trial court entered judgment as follows:

> Cause submitted to Court by agreement of the parties. Based on the evidence adduced the Court finds that [driver] was not fully informed of his rights concerning the Implied Consent laws and accordingly [driver] did not knowingly, voluntarily or intelligently waive ar [sic] refuse. The revocation of [Director] is ordered set aside and [driver's] license ordered reinstated.

Director's appeal followed.

Director argues on appeal that the trial court erred in setting aside the revocation of driver's license, as the warning read to him by the arresting officer accurately informed driver of the consequences of his refusal to take a chemical test. In light of the Missouri Supreme Court's recent decision in *Thomas J. Teson v. Director of Revenue, State of Missouri*, 937 S.W.2d 195 (Mo. banc 1996), which addresses the manner of warning required by RSMo § 577.041.1 to ensure drivers make informed decisions as to whether to submit to chemical testing, we agree.

While the Court held in *Teson* that officers should track the language of the statute when warning drivers of the consequences of refusing to submit to a chemical test, it also stated that an officer's failure to do so did not necessarily mandate reinstating a driver's driving privileges. Op. at 196. Rather, the Court announced when such was the case, "the test to determine whether an arrestee's decision to refuse to submit to a chemical test is an informed one is whether the warning was so deficient as actually to prejudice the arrestee's decision-making process." *Id.* at 196.

In *Teson*, the arresting officer read the implied consent law warning printed on the Department of Revenue's Form 2389 to the driver three different times. *Id.* at 196–97. The Court found that, although the arresting officer's warning did not technically comply with RSMo § 577.041.1 because it omitted the word "immediately," the warning given to the driver unequivocally and unambiguously

---

1. All statutory references are to RSMo 1994.

informed him his license would be revoked if he refused to submit to a chemical test. *Id.* at 198. "... [The arresting officer's] words guaranteed a certain loss of the driving privilege upon refusal to submit to the chemical test." *Id.*

In the instant case, as in *Teson*, the officer who arrested driver read him the implied consent warning contained in the Department's Form 2389. The officer read this warning to driver at least three different times. Nothing in the record on appeal shows driver was misled in any way with respect to the consequences of his refusal to take the test. As we see no prejudice to driver resulting from the omission of the word "immediately," *see id.*, we reverse the order of the trial court and remand so the court may enter the appropriate orders sustaining Director's revocation of driver's driving privileges.

Based on the foregoing, the judgment of the trial court is reversed and remanded.